TIMOTHY OSGOOD *v.* JONATHAN S. OSGOOD.

In an action upon a promissory note, given by the principal to his surety to indemnify him for that liability, the measure of damages is the amount paid by the surety at any time before trial; and unless he has made such payment he can recover nominal damages alone.

ASSUMPSIT. The plaintiff sought, among other things, to recover the amount of two· promissory notes, one for $1000 and the other for $2000, dated October 31, 1857, signed by the defendant, and payable to the plaintiff, or order, on demand, with interest. These notes were given to the plaintiff in consideration of his having signed notes for and with the defendant, of equal amount, and as security to indemnify him for thus having signed for and with the defendant. It did not appear that, at the commencement of this action, the plaintiff had paid anything upon the notes he had signed with and for the defendant. Upon the writ in this suit the defendant's property had been attached, and the same property had been subsequently attached at the suit of other creditors of the defendant, and those subsequent attaching creditors had been permitted to appear and defend.

The plaintiff claimed that he was entitled to recover upon the notes in suit the full amount of all the notes he had signed with and for the defendant, which had not been paid by the defendant himself; or, if not, that he was entitled to recover upon those notes such sum as he should show he had paid, before the rendition of judgment, upon the notes he had signed with and for the defendant. From both these positions the subsequent attaching creditors dissented, and contended that, under the circumstances, the plaintiff could not recover anything upon the notes in suit, unless, before the commencement of his action, he had paid something upon the notes he had signed with and for the defendant.

*Flint & Bryant,* for the plaintiff, contended that the consideration for the note was good, and that the plaintiff may recover all such sums as he had paid, or assumed to pay, before the judgment; and they cited Story on Promissory Notes, sec. 186; *Cushing* v. *Gore,* 15 Mass. 69; *Hazeltine* v. *Guild,* 11 N. H. 390; *Little* v. *Little,* 13 Pick. 426.

*Morrison & Stanley,* for the defendant.

BELLOWS, J. This is a suit to recover the amount of two promissory notes, given by the defendant to the plaintiff, to indemnify him for signing notes with the defendant as his surety; and it appearing that at the time of the bringing of the suit the plaintiff had paid nothing as such surety, the question is, can he recover anything, and if so, how much?

In *Hazeltine* v. *Guild,* 11 N. H. 390, the whole question is settled, and we see no reason to depart from the principles there established. By the doctrines of that case the plaintiff cannot recover anything beyond nominal damages, until he has paid part or all the debt for which he is surety. But it is not necessary that such payment be made before the suit is brought. It is enough that it be paid at any time before the trial. In accordance with the doctrines of *Hazeltine* v. *Guild* are the cases of *Swift* v. *Crocker,* 21 Pick. 241; *Cushing* v. *Gore,* 15 Mass. 69; *Little* v. *Little,* 13 Pick. 426.

In principle, this case is like the case of covenant on a warranty against incumbrances, where nominal damages only can be recovered until payment, or the amount is otherwise fixed. *Willson* v. *Willson,* 35 N. H. 235; *Brooks* v. *Moody,* 20 Pick. 474. In this class of cases only the amount actually paid can be recovered, because the covenantee may never be disturbed, as the holder of the mortgage, where that is the incumbrance, may obtain payment of the covenantor. A similar objection exists to the recov-

ery by a surety before actual payment, without which the consideration may be regarded as having failed.

The opinion of the court, then, is that the measure of damages will be the amount paid by the plaintiff at any time before the trial; and that, if no such payment be shown, nominal damages can be recovered, and no more.

The decisions which establish the doctrine that the plaintiff may recover for any amount paid by the surety before trial, necessarily imply that in case of no such payment, nominal damages may be recovered. Otherwise no action could be maintained unless payment had been made before suit; inasmuch as there must have been cause of action at its commencement; and so the doctrine is assumed to be in the cases cited.

As there is no provision for judgment in this case, no further direction is necessary, but the cause must be retained for farther proceedings.